JAMES A. DERRIG & others *vs.* GEORGE F. DYER.

Bristol. October 27, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Exceptions, New trial.

If in an action of contract there was evidence on which the plaintiff was entitled to go to the jury and the judge ordered a verdict for the defendant, the plaintiff is entitled to have an exception to the ruling sustained and to have another trial, even if he might have been entitled to recover only nominal damages.

CONTRACT for the alleged breach of a contract in writing dated September 24, 1908, including plans and specifications thereto annexed, whereby the defendant agreed to lay certain gravel and granolithic walks, macadam drives and stone steps on the grounds of the Union Hospital in Fall River. Writ in the Second District Court of Bristol dated August 3, 1909.

On appeal to the Superior Court the case was tried before *Lawton,* J. The character of the evidence is indicated in the opinion. The judge at first submitted the case to the jury, who returned a report of their disagreement. Thereupon the judge ordered a verdict for the defendant; and the plaintiffs alleged exceptions.

*C. A. MacDonald,* (*E. Higginson* with him,) for the plaintiffs.
*I. Brayton,* for the defendant.

SHELDON, J. While the evidence was conflicting, it could have been found that the defendant had broken his agreement with the plaintiffs, and that the defendant's work had not been approved by the committee appointed by the directors of the Union Hospital or by a majority of that committee. If this was so, the plaintiffs would be entitled to a verdict, under the circumstances shown here, unless the defendant showed that there had been a

settlement of the whole matter between himself and them; and certainly it could not be said as matter of law that he had shown this. Even if the plaintiffs could have recovered only nominal damages, which we do not decide, they still would be entitled to a new trial, a verdict having been ordered against them. *Beach & Clarridge Co.* v. *American Steam Gauge & Valve Manuf. Co.* 202 Mass. 177, 184, 185.

Upon the question of the amount of damages that can be recovered, it is manifest that the present circumstances may be altered before another trial can be had, and we do not deem it necessary now to pass upon that point.

*Exceptions sustained.*